MD/TN Revised 04/12

# UNITED STATES DISTRICT COURT
## for the
## MIDDLE DISTRICT OF TENNESSEE

U.S.A. vs. Larry Parkhurst   Docket No. 0650 3:10CR00090 - 4

### Petition for Action on Conditions of Pretrial Release

COMES NOW Dariel S Blackledge-White, PRETRIAL SERVICES OFFICER presenting an official report upon the conduct of defendant Larry Parkhurst who was placed under pretrial release supervision by the Honorable Joe B. Brown sitting in the Court at **Nashville, Tennessee**, on April 28, 2010, under the following conditions: Please reference the attached Order Setting Conditions of Release.

Respectfully presenting petition for action of Court and for cause as follows:
Please reference page two of this document.

I declare under penalty of perjury that the foregoing is true and correct.

| Dariel S Blackledge-White | Nashville, TN | August 8, 2012 |
|---|---|---|
| U.S. Pretrial Services Officer | Place: | Date: |

| Next Scheduled Court Event | **Bond Revocation** | August 16, 2012 |
|---|---|---|
| | Event | Date |

## PETITIONING THE COURT

☐ No Action  ☐ To issue an order setting a hearing on the petition
☐ To Issue a Warrant  ☒ Other  To amend the Second Petition for Action to include the most recent violations

---

THE COURT ORDERS:
☐ No Action     ☒ A Hearing on the Petition is set for
☐ The Issuance of a Warrant.
  ☐ Sealed Pending Warrant Execution
  (cc: U.S. Probation and U.S. Marshals only)  Aug 16, 2012  10:00 AM
☐ Other           Date    Time

To include new charges.

Considered and ordered this 9th day of August 2012, and ordered filed and made a part of the records in the above case.

/s/ Joe Brown
Honorable Joe Brown
U. S. Magistrate Judge

Honorable Joe B. Brown
U.S. Magistrate Judge
Third Petition for Action on
PARKHURST, Larry
Case No. 3:10-00090-4
August 8, 2012

On April 28, 2010, defendant Larry Parkhurst appeared before Your Honor for an Initial Appearance as a result of being charged with violating Title 21 U.S.C. § 841(a)(1), to wit: Conspiracy to Distribute and Possess With Intent to Distribute LSD. He was released the same day on a personal recognizance bond with pretrial supervision.

**Special Conditions of Release:**

Please reference the attached Order Setting Conditions of Release.

**VIOLATION(S):**

**Violation No. 1: Not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner:**

On June 6, 2012, the defendant appeared before Your Honor and was ordered temporarily detained after he tested presumptively positive for marijuana during a drug screen administered in conjunction with his bond revocation hearing. This specimen was sent to Alere Laboratories (Alere), located in Gretna, Louisiana.

Mr. Parkhurst initially denied he used any illegal substances, but he later admitted he attended a party approximately three weeks prior where marijuana was present.

On June 9, 2012, Alere confirmed the presence of marijuana in the urine sample provided by the defendant.

On June 14, 2012, the defendant was placed back on pretrial supervision and ordered to submit urine screens each week to the U.S. Probation and Pretrial Services Office. He was released from custody and placed in Phase I drug testing, which provides for random urine screens to be submitted weekly.

On June 18, 2012, the defendant again tested positive for marijuana, and the specimen was submitted to Alere. The specimen was confirmed positive for marijuana on June 20, 2012, and a request for an interpretation of the nanogram levels was sent to Alere Laboratories.

On June 25, 2012, the defendant tested positive for marijuana, and the specimen was sent to Alere.

On June 26, 2012, the interpretation was returned and provided the nanogram levels for the specimens submitted as follows:

2

Honorable Joe B. Brown
U.S. Magistrate Judge
Third Petition for Action on
PARKHURST, Larry
Case No. 3:10-00090-4
August 8, 2012

| Date Collected | Specimen Number | THCA ng/mL | Creatinine mg/dL | Normalized THCA Value |
|---|---|---|---|---|
| 06/06/12 | B02060286 | THC = 294 | 55.5 | 529 ng THCA/mgCreatinine |
| 06/18/12 | B02060290 | THC = 262 | 220.1 | 119 ng THCA/mgCreatinine |

It was the opinion of the toxicologist that, even though the nanogram levels were decreasing, the defendant reused marijuana prior to the collection on June 18, 2012. This opinion was based on social use; the lack of significant decrease in the normalized level of drug present in the urine specimen collected on June 18, 2012; the length of time the donor continues to test positive after the specimen collected on June 6, 2012; and a urine half-life of 24 to 48 hours.

On June 28, 2012, Alere confirmed the specimen provided on June 25, 2012, was positive for the presence of marijuana.

**On July 16, 2012, the defendant was placed back on pretrial supervision with the same conditions. A referral for a mental health assessment was completed as the defendant indicates he is currently experiencing depression. Mr. Parkhurst admitted he smoked approximately three grams of marijuana on the previous day.**

**A drug screen was administered, and the defendant tested positive for marijuana. The specimen was sent to Alere for confirmation, and on July 21, 2012, it was confirmed positive for the presence of marijuana.**

On July 23, 2012, Mr. Parkhurst submitted a urine screen that was presumptively positive for marijuana. He admitted he smoked marijuana two days prior. On July 26, 2012, Alere confirmed the specimen was again positive for marijuana.

On August 6, 2012, the defendant reported Volunteer Behavioral Health, located in Murfreesboro, Tennessee, and completed his drug and alcohol assessment. He was also assessed to determine if he has any mental health issues. On this same date, Mr. Parkhurst reported to the U.S. Probation and Pretrial Services Office and submitted a urine screen which tested presumptively positive for marijuana. He admitted he smoked marijuana on August 3, 2012.

**Current Status of Case:**

No trial date has been set as of this date.

Honorable Joe B. Brown
U.S. Magistrate Judge
Third Petition for Action on
PARKHURST, Larry
Case No. 3:10-00090-4
August 8, 2012

**Probation Officer Action:**

The supervising Pretrial Services Officer has counseled Mr. Parkhurst against illicit drug use and has provided several resources for substance abuse treatment and/or intervention. Additionally, the defendant was referred for substance abuse and mental health assessments.

**Respectfully Petitioning the Court as Follows**:

As previously noted, Mr. Parkhurst has submitted two urine screens that were positive for marijuana. He admits continued use of marijuana despite the Court's verbal reprimands on several occasions. Therefore, it is respectfully requested that the Court amend the second Petition for Action to reflect the most recent bond violations.

The U.S. Attorney's Office has been advised of the most recent violations and concurs with the recommendation of Pretrial Services.

Approved:

_____
William Burton Putman

Supervisory U.S. Probation Officer

xc:   Brent Hannafan, Assistant U.S. Attorney
      Jonathan Farmer, Defense Counsel

# UNITED STATES DISTRICT COURT
for the
Middle District of Tennessee

| | |
|---|---|
| United States of America<br>v.<br>Larry Parkhurst<br><br>_____<br>*Defendant* | )<br>)<br>) Case No. 3:10-00090-4<br>)<br>)<br>) |

## ORDER SETTING CONDITIONS OF RELEASE

IT IS ORDERED that the defendant's release is subject to these conditions:

*LP* (1) The defendant must not violate federal, state, or local law while on release.

*LP* (2) The defendant must cooperate in the collection of a DNA sample if it is authorized by 42 U.S.C. § 14135a.

*LP* (3) The defendant must advise the court or the pretrial services office or supervising officer in writing before making any change of residence or telephone number.

*LP* (4) The defendant must appear in court as required and, if convicted, must surrender as directed to serve a sentence that the court may impose.

The defendant must appear at: _____
                                                          *Place*

on _____
                *Date and Time*

If blank, defendant will be notified of next appearance.

*LP* (5) The defendant must sign an Appearance Bond, if ordered.

## ADDITIONAL CONDITIONS OF RELEASE

IT IS FURTHER ORDERED that the defendant's release is subject to the conditions marked below:

( ) (6) The defendant is placed in the custody of:
Person or organization _____
Address (only if above is an organization) _____
City and state _____ Tel. No. _____
who agrees to (a) supervise the defendant, (b) use every effort to assure the defendant's appearance at all court proceedings, and (c) notify the court immediately if the defendant violates a condition of release or is no longer in the custodian's custody.

Signed: _____
Custodian                Date

(✓) (7) The defendant must:
2P (✓) (a) submit to supervision by and report for supervision to the PTS as directed, telephone number 615 736-5771, no later than _____.
2P (✓) (b) continue or actively seek employment.
( ) (c) continue or start an education program.
( ) (d) surrender any passport to: _____
2P (✓) (e) not obtain a passport or other international travel document.
2P (✓) (f) abide by the following restrictions on personal association, residence, or travel: Travel restricted to Middle District TN without prior approval.
( ) (g) avoid all contact, directly or indirectly, with any person who is or may be a victim or witness in the investigation or prosecution, including: _____
( ) (h) get medical or psychiatric treatment: _____
( ) (i) return to custody each _____ at _____ o'clock after being released at _____ o'clock for employment, schooling, or the following purposes: _____
( ) (j) maintain residence at a halfway house or community corrections center, as the pretrial services office or supervising officer considers necessary.
2P (✓) (k) not possess a firearm, destructive device, or other weapon.
2P (✓) (l) not use alcohol (✓) at all ( ) excessively.
2P (✓) (m) not use or unlawfully possess a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner.
2P (✓) (n) submit to testing for a prohibited substance if required by the pretrial services office or supervising officer. Testing may be used with random frequency and may include urine testing, the wearing of a sweat patch, a remote alcohol testing system, and/or any form of prohibited substance screening or testing. The defendant must not obstruct, attempt to obstruct, or tamper with the efficiency and accuracy of prohibited substance screening or testing.
2P (✓) (o) participate in a program of inpatient or outpatient substance abuse therapy and counseling if directed by the pretrial services office or supervising officer.
( ) (p) participate in one of the following location restriction programs and comply with its requirements as directed.
    ( ) (i) Curfew. You are restricted to your residence every day ( ) from _____ to _____, or ( ) as directed by the pretrial services office or supervising officer; or
    ( ) (ii) Home Detention. You are restricted to your residence at all times except for employment; education; religious services; medical, substance abuse, or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities approved in advance by the pretrial services office or supervising officer; or
    ( ) (iii) Home Incarceration. You are restricted to 24-hour-a-day lock-down at your residence except for medical necessities and court appearances or other activities specifically approved by the court.
( ✓ ) (q) submit to location monitoring as directed by the pretrial services office or supervising officer and comply with all of the program requirements and instructions provided.
    ( ) You must pay all or part of the cost of the program based on your ability to pay as determined by the pretrial services office or supervising officer.
2P (✓) (r) report as soon as possible, to the pretrial services office or supervising officer, every contact with law enforcement personnel, including arrests, questioning, or traffic stops.
2P (✓) (s) Permit PTS to visit you at home or elsewhere and permit the confiscation of any contraband observed in plain view of the officer.
2P ✓ (t) Refrain from obstructing or attempting to obstruct or tamper in any fashion with the efficiency and accuracy of any prohibited substance testing which is required as a condition of release.
2P ✓ (u) the defendant will report to his pretrial services officer on a weekly basis to be determined. The defendant will call each Wednesday after 5pm to determine if he is to report the following day.

## ADVICE OF PENALTIES AND SANCTIONS

TO THE DEFENDANT:

YOU ARE ADVISED OF THE FOLLOWING PENALTIES AND SANCTIONS:

Violating any of the foregoing conditions of release may result in the immediate issuance of a warrant for your arrest, a revocation of your release, an order of detention, a forfeiture of any bond, and a prosecution for contempt of court and could result in imprisonment, a fine, or both.

While on release, if you commit a federal felony offense the punishment is an additional prison term of not more than ten years and for a federal misdemeanor offense the punishment is an additional prison term of not more than one year. This sentence will be consecutive (i.e., in addition to) to any other sentence you receive.

It is a crime punishable by up to ten years in prison, and a $250,000 fine, or both, to: obstruct a criminal investigation; tamper with a witness, victim, or informant; retaliate or attempt to retaliate against a witness, victim, or informant; or intimidate or attempt to intimidate a witness, victim, juror, informant, or officer of the court. The penalties for tampering, retaliation, or intimidation are significantly more serious if they involve a killing or attempted killing.

If, after release, you knowingly fail to appear as the conditions of release require, or to surrender to serve a sentence, you may be prosecuted for failing to appear or surrender and additional punishment may be imposed. If you are convicted of:
 (1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more — you will be fined not more than $250,000 or imprisoned for not more than 10 years, or both;
 (2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years — you will be fined not more than $250,000 or imprisoned for not more than five years, or both;
 (3) any other felony — you will be fined not more than $250,000 or imprisoned not more than two years, or both;
 (4) a misdemeanor — you will be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender will be consecutive to any other sentence you receive. In addition, a failure to appear or surrender may result in the forfeiture of any bond posted.

### Acknowledgment of the Defendant

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release. I promise to obey all conditions of release, to appear as directed, and surrender to serve any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
Defendant's Signature

_____
City and State

### Directions to the United States Marshal

( ✓ ) The defendant is ORDERED released after processing.
(   ) The United States marshal is ORDERED to keep the defendant in custody until notified by the clerk or judge that the defendant has posted bond and/or complied with all other conditions for release. If still in custody, the defendant must be produced before the appropriate judge at the time and place specified.

Date: 6/14/2012

_____
Judicial Officer's Signature

Joe B. Brown, US Magistrate Judge
Printed name and title

DISTRIBUTION:    COURT    DEFENDANT    PRETRIAL SERVICE    U.S. ATTORNEY    U.S. MARSHAL